## CONE *v.* CITY COUNCIL OF AUGUSTA.

1. It is not error to prevent plaintiff's counsel from arguing that the defendant is liable because of an act of negligence not set out in the petition.
2. If the amendment was germane, the refusal to allow the same was harmless, it not having been offered as a basis to authorize the admission of testimony, or to make available that already introduced, but offered during the concluding argument, and when in fact there was no evidence to sustain the allegations in the proposed amendment.
3. There was no error in any of the rulings complained of; and the evidence was sufficient to support the verdict for the defendant.

Argued April 4,—Decided May 13, 1904.

Action for damages.    Before Judge Eve.    City court of Richmond county.    August 19, 1903.

Stephen Cone sued the City Council of Augusta for personal injuries.    He claimed that on a dark, rainy night, while driving along McKennie street, he saw a lantern on the surface of the street, inquired of a watchman whether it was safe to proceed, and, receiving a reply that it was all right, drove near the center and along the driveway of the street; that without fault on plaintiff's part his horse suddenly plunged into a deep washout in the street, throwing plaintiff out of the cab and inflicting upon him serious bodily injuries; that the city knew of the defect, and was negligent in permitting the defect to remain in the street.    The witnesses for the city denied the statement that a watchman called out "all right, go ahead;" admitting that one side of the street was not in passable condition, owing to the fact that an archway was being built across the street, and that on this account the lanterns were on the ground; that one side of the street was safe and passable, and had been used during the previous day and night; that the existence of the chasm or washout on the street was unknown to the city, and was caused by the bursting of a six-inch main, the water in which was under an eighty pound pressure, and that when the pipe burst the hole or chasm was almost instantly created; that the plaintiff was either at the spot at the time of the bursting or arrived immediately thereafter.    There was testimony of experts as to the enormous power of a stream of such size, and under such pressure.    There was no evidence contradictory of the statement that, under the circumstances proved, a hole of the size of the washout would have been washed out in less than a minute.    After all of the evidence had been introduced, and during the concluding argument of counsel for the plaintiff, he insisted that the city was negligent in that it maintained a cracked pipe, of which defect it knew or ought to have known.    The attorney for the city objected to this argument, on the ground that the notice of the injury and claim for damages required to be served upon the city authorities, as well as the petition in the case, were silent as to any negligence in the maintenance of the pipe or knowledge of its defective condition.    The court ruled that counsel for the plaintiff could refer to any evi-

dence on the subject of the defect in the pipe, for the purpose of showing that the city might be charged with notice as to the existence or probable existence of the hole in the street, but not for the purpose of showing negligence as to the maintenance of the pipe as a ground for recovery by itself, since that would be a cause of action not referred to in the pleadings. Thereupon the plaintiff offered to amend his petition by alleging "that the said hole or chasm in said street [was] due to the fracture of a water-main, of whose defectiveness the defendant knew or might have known by the exercise of ordinary care." This amendment was disallowed. The plaintiff filed a bill of exceptions pendente lite, and assigns error thereon. There was a verdict for the defendant, and a motion for a new trial, which was overruled, to which judgment the plaintiff also excepts.

*F. W. Capers* and *J. S. & N. M. Reynolds*, for plaintiff.
*W. H. Barrett, C. H. Cohen*, and *W. K. Miller*, for defendant.

LAMAR, J.  1. The negligence charged in the petition was the maintenance of a defective street. During the trial it developed that this defect had been suddenly caused by the bursting of a large water-main, which almost instantly washed a hole in the street. There were no allegations in the petition charging that the city was negligent in maintaining the water-pipe, and the judge therefore properly ruled that the counsel for the plaintiff could not argue that the city was liable because of its negligence in respect of the water-main.

2. To meet this ruling, made during the concluding argument, plaintiff offered an amendment charging that the city knew or ought to have known of the defect in the pipe. This the court disallowed. If this amendment had been offered as the basis for the introduction of testimony; or if there had been a request to allow the case to be reopened for introducing evidence in support of the new allegations, the question would have arisen as to whether the amendment was germane. But, in the then state of the record, whether or not it introduced a new cause of action was immaterial, and the ruling was harmless. There was no evidence to sustain the charge in the amendment that the city knew or by the exercise of ordinary care could have known of the defect. There was therefore nothing in the record to sustain the new

averment. Had it been allowed it could not have helped the plaintiff. Its disallowance did not harm him.

*Judgment affirmed. All the Justices concur.*