36837.   COX *v.* ESTES.

DECIDED OCTOBER 17, 1957—REHEARING DENIED NOVEMBER 6, 1957.

# 650

*William A. Thomas*, for plaintiff in error.

*T. J. Long*, contra.

FELTON, C. J. ■ A bill of exceptions which recites that "within the time provided by law, and within twenty days from the 20th May, 1957 [the date of the final judgment excepted to], and on the 18th day from said May 20th, 1957, comes John Alfred Cox . . . and tenders this his bill of exceptions and prays that same may be certified to as provided by law . . ." and which contains the certificate of the trial judge stating that the bill of exceptions is true, shows on its face that it was tendered to the trial judge within the time provided by law. Code § 6-902.

■ The plaintiff contends that his evidence was sufficient to authorize a jury to find that, at the time of the collision, the truck was being operated by an employee of the defendant within the scope of employment, and that the defendant later admitted liability and ratified the acts of the employee by stating to the plaintiff that the defendant's insurance company would pay for the repairs to the plaintiff's automobile necessitated by the damage caused by the collision.

While the evidence is sparse on the matter, it may be concluded therefrom that the defendant and one Azell Favors had entered into a landlord and cropper agreement; that John Favors, a twelve or thirteen-year-old boy, who was driving the defendant's truck on a public highway at the time of the collision lived with his uncle, Azell Favors, who stood in loco parentis to the boy, John Favors; that the defendant had furnished the truck to Azell Favors for the purpose of using it on the farm in the furtherance of the farm's operations; that at the time of the collision the truck was being used in hauling firewood to the residence of Azell Favors to be used for heating and cooking.

Assuming for the sake of argument, but specifically not deciding, that a landlord is responsible for the negligent acts of a cropper performed within the scope of the farming operation,

and that the hauling of firewood by the cropper for his own use in cooking and heating would be within the scope of the farming operation, we do not feel the evidence showed that the boy, John Favors, had authority from the defendant to operate the truck on a public highway. The defendant, on cross-examination specifically denied that John Favors had such authority. Nor do we think that the cropper, Azell Favors, had the authority to permit the boy to operate the truck on a public highway contrary to the law as would bind the defendant landlord. While the defendant admitted that John Favors had previously operated the truck on the farm, there is nothing in the evidence to authorize a finding that the defendant knew or had reason to believe from circumstances that John Favors would or would likely operate the truck on a public highway.

■ After the collision the defendant traveled to the plaintiff's home town and conversed with him concerning the collision. The defendant told the plaintiff to have an estimate made of the damages to the plaintiff's automobile and that his (defendant's) insurance company would pay such damages. The defendant never stated that he was liable nor did he state that he personally would pay for the damages. The mere statement of the defendant that his insurance company would pay for the damages to the automobile would not in itself authorize a finding that he ratified the acts of the boy, John Favors (Code § 105-109), and would not in itself authorize a finding that the defendant had admitted liability.

■ The court did not err in disallowing the amendment tendered by the plaintiff. Such amendment was offered by the plaintiff after he had closed his case and the amendment contained some allegations which were not supported by the plaintiff's evidence and he did not move to reopen his case for the purpose of introducing evidence in support of such allegations. See *Cone* v. *City Council of Augusta*, 120 *Ga.* 80 (2) (47 S. E. 633).

The court did not err either in disallowing the amendment or in awarding the nonsuit.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*